UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| A&G TREE SERVICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-cv-91 |
| | ) | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to the provisions of 28 U.S.C.§ 636(b), the Rules of this Court, and by Order [Doc. 16] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the Motion for Order Compelling Discovery [Doc. 14] filed by the defendant Tennessee Valley Authority. The court held a hearing on this motion on March 19, 2007. For the reasons set forth below, the defendant's motion [Doc. 14] is **GRANTED IN PART** and **DENIED IN PART.**

This case involves a contract dispute between Plaintiff A&G Tree Service (A&G) and Defendant Tennessee Valley Authority (TVA). The plaintiff asks for a declaratory judgment that the defendant TVA erred in its assessment that A&G overcharged TVA for work performed under the contract [Doc. 1]. The defendant denies any error in its assessment, and counterclaims to recover the $638,542 that the defendant alleges was overbilled by the plaintiff under the contract [Doc. 4].

The defendant moves the Court for an Order compelling the plaintiff to produce all documents which relate to the defendant's contract dispute with the plaintiff [Doc. 14]. The

defendant alleges that all documents created during the contract period of October 15, 1998 through October 31, 2002 are relevant to TVA's counterclaim [Doc. 15]. Specifically, the defendant seeks the following categories of documents:

> 1. All accounting and payroll documents (including general ledgers, transaction histories, and payroll registers) which refer or relate to the Contract, including all invoices, all documents referred to by A&G in preparing any of the invoices, and all documents which otherwise contain information that refers or relates to the work billed in any of the invoices.
>
> 2. All documents which refer or relate to communications with TVA regarding the Contract.
>
> 3. All documents which refer or relate to A&G's bid for the Contract and/or pre-award meetings with TVA, including all documents which refer to the calculation of A&G's bid rates for individual work items.
>
> 4. All logs, diaries, journals, calendars, notes, or similar documents that refer or relate to work performed under the Contract.
>
> 5. All "call-in" sheets, weekly work reports, equipment usage logs, or other documents that refer or relate to the work performed under the Contract.
>
> 6. All documents which refer or relate to the number of hours worked by A&G employees under the Contract.
>
> 7. All documents which refer or relate to A&G's profit or loss under the Contract.
>
> 8. All documents which refer or relate to the number of hours worked by A&G supervisors or owners under the Contract.

The defendant also asks that the Court award TVA the attorney fees incurred in filing the Motion to Compel [Doc. 14].

In response, the plaintiff contends that TVA is not entitled to all of A&G's documents during the contract period from October 15, 1998 through October 31, 2002 [Doc. 17]. The plaintiff

2

asserts that TVA selected a sixteen-week period to review A&G's records in its audit of A&G's contract with TVA, and therefore TVA is entitled only to the documents created during those sixteen weeks. The plaintiff claims that in granting the defendant's Motion to Compel Production of Documents, the Court in effect would allow TVA to repair its audit of A&G after the fact by using documents outside of the audit sample period [Doc. 17].

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties in a civil action "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." In the present case, the defendant's counterclaim alleges that A&G overbilled TVA an amount of $638,542 during the A&G's contract period with TVA. This contract period was from October 15, 1998 through October 31, 2002. Any documents that relate to what A&G billed to TVA or that relate to A&G's work for TVA during the contract period are directly relevant to the defendant's counterclaim that A&G overbilled TVA. All of the documents specified in categories 1,2,4,5, and 8 of the categories of documents previously listed in this Order concern A&G's billing practices and/or A&G's work during its contract with TVA, and therefore are discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Accordingly, the defendant's Motion to Compel Production of Documents [Doc. 14] is **GRANTED** with respect to categories 1, 2, 4, 5, and 8 of the defendant's document requests.

The defendant's Motion to Compel Production of Documents [Doc. 14] is **DENIED** in regard to all documents requested in categories 3 and 7. The documents which refer to A&G's bid for the Contract in category 3 do not provide any insight as to what A&G billed to TVA, nor do they provide information as to what work was done by A&G in its contract with TVA. These documents are irrelevant to any defenses or claims that the defendant asserts in this dispute.

3

Similarly, the documents which refer or relate to A&G's profit or loss under the Contract are also irrelevant to any claims or defenses made by the defendant in this case.

The defendant's request for an award of attorney fees incurred in the filing of its Motion to Compel Production of Documents is also **DENIED.**

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　
United States Magistrate Judge